IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KELLY K. NIELSEN,

        Plaintiff,

v.

WALMART, INC.,
an Arkansas corporation, and
WALMART APOLLO, LLC,
a Delaware Limited Liability Company,

        Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, Kelly K. Nielsen, by and through his counsel, George E. McLaughlin, McLaughlin Law Firm, P.C., and Brian A. Calandra, Ramos Law, brings this civil action, and alleges and states as follows:

### PARTIES

1. Plaintiff Kelly K. Nielsen resides in Arvada, Jefferson County, Colorado, and is a citizen of the state of Colorado.

2. Defendant Walmart Inc. is a Delaware Corporation, with its principal office address located at 702 SW 8th Street Bentonville, AR 72716.

3. Defendant Walmart Inc. is registered with the office of the Colorado Secretary of State to do business in the state of Colorado, its registered agent being C.T. Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial CO 80112-1268.

4. Defendant Walmart Inc., a Delaware Corporation, with its principal office address in the state of Arkansas, is deemed to be a citizen of the state of Delaware and the state of Arkansas.

5. Defendant Walmart Apollo, LLC, is a Delaware Limited Liability, with its principal office address at 702 SW 8th Street, Bentonville, AR 72716.

6. Defendant Walmart Apollo, LLC, a Delaware Limited Liability, with its principal office address in the state of Arkansas, is deemed to be a citizen of the state of Delaware and the state of Arkansas.

7. Upon Information and belief, none of the members of Walmart Apollo, LLC, are citizens of the state of Colorado.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Defendant Walmart Inc. designed, manufactured, branded, imported, distributed, and/or sold in the state of Colorado, a product known as a Mainstays Plastic Folding Step Stool, which is the subject of this civil action.

10. Defendant Walmart Inc. is subject to the *in personam* jurisdiction of this Court, as it did and continues to do business within the state of Colorado and has continuous and systematic contacts with the state of Colorado and has consented to jurisdiction in the state of Colorado.

11. Defendant Walmart Apollo, LLC, manufactured, branded, imported, and or distributed the Mainstays™ Plastic Folding Step Stool that is the subject of this civil action,

knowing and expecting that this product would be sold by Walmart retail stores throughout the United States, including to consumers in the state of Colorado.

12. A corporation is deemed to reside in a judicial district in which it is subject to personal jurisdiction. 28 U.S.C. §1391(c).

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c), as Plaintiff resides in Jefferson County, Colorado, within the jurisdictional boundaries of this United States District Court, and a substantial part of the events giving rise to this claim occurred in Denver County, Colorado.

**FACTUAL ALLEGATIONS**

14. Mainstays™ is a brand name for various consumer products that are exclusively sold by Defendant Walmart and its subsidiaries and affiliates at Walmart retail stores and online platforms.

15. Walmart Mainstays™ products usually bear the Mainstay™ logo. Figure 1, below.



Figure 1

16. Mainstays™ is a Registered Trademark of Defendant Walmart Apollo, LLC, Registration Number 6732207, Filing Date of August 23, 2019, Registration Date May 24, 2022.

17. Defendant Walmart Apollo, LLC has a yet to be fully discovered business relationship with Defendant Walmart Inc., but upon information and belief, is owned and controlled by Walmart Inc. or one or more of its subsidiaries or affiliates.

18. On October 29, 2020, Plaintiff purchased a Mainstays™ Plastic Folding Step Stool [hereinafter "step stool"] from a Walmart retail store in the state of Colorado.

19. The step stool purchased by Plaintiff was substantially similar to, if not identical to, the step stool shown in Figures 2 and 3, below.

 

                  Figure 2                                 Figure 3

20. The step stool purchased by Plaintiff had on it that stated, in part:

TM & © 2019 Walmart Inc.

All Rights Reserved
Distributed by/Distribudo por
Walmart Inc., Bentonville, AR 72716
MADE IN CHINA/HECHO EN CHINA
Walmart.com
Black – 23652-WM

That label was substantially similar, if not identical, to the label in Figure 4, below.



Figure 4

21.     There is no information on the step stool indicating that anyone other than Walmart Inc. was the manufacturer of this product.

22.     The step stool purchased by Plaintiff had on it a circular label that stated:

> Holds up to
> **300 lbs**

That label was similar to, if not identical, to the label in Figure 5, below.



Figure 5

23.     Elsewhere on the step stool purchased by Plaintiff there was another label that stated, in part:

5

Holds up to 300 lbs

That label was similar, if not identical, to Figure 6, below.



Figure 6

24.     Based on information that appears on Plaintiff's step stool, it is believed that it was manufactured in the month of July, in the year 2020.

25.     After purchasing the step stool, Plaintiff used it as reasonably intended and expected.

26.     On the date of the incident that is the subject of this Complaint, and at all times relevant hereto, Plaintiff weighed approximately 240 lbs.

27.     Plaintiff never used the step stool in a situation where his weight, combined with anything he may have been wearing or carrying, would have totaled 300 lbs. or more.

28.     On the date of January 19, 2021, while using the step stool to assist him in getting into and out of the bed of a pick-up truck, the top of the step stool, the step, suddenly and without warning, shattered.  See Figure 7, below.



Figure 7

29. As the step of the stool shattered, Plaintiff fell to the ground, severely injuring his lower left leg and left knee.

## ACCRUAL OF THIS CAUSE OF ACTION

30. Prior to January 19, 2021, Plaintiff had neither knowledge nor notice that there was any defect in the design, manufacture or labeling of his Mainstays™ Folding Step Stool.

31. Prior to January 19, 2021, Plaintiff had not suffered any injury from the use of his Mainstays™ Folding Step Stool.

32. Plaintiff's cause of action against Defendants accrued on January 19, 2021.

## ALLEGATIONS OF DEFECTIVE PRODUCT

33. The Mainstays™ Plastic Folding Step Stool purchased by Plaintiff was defective in design, defective in manufacture, not merchantable, not in conformance with its applicable implied and express warranties and was unreasonably dangerous for its intended and/or reasonably foreseeable use, in that it shattered and failed when being used as reasonably intended and expected.

34. The Mainstays™ Folding Step Stool purchased by Plaintiff was dangerous to an extent beyond which would be contemplated by the ordinary consumer with the ordinary knowledge common to the community as to its characteristics in that the Step Stool was manufactured in such a way that the composition and manufacturing processes used for the plastic materials it was made of were insufficient to bear less than 300 lbs. without shattering.

35. The composition and structure of the plastic material used to manufacture the top, the step, of Plaintiff's Mainstays™ Plastic Folding Step Stool contains defects that make it prone to sudden catastrophic failure by fracture of the surface at a load of less than 300 lbs.

## PLAINTIFF'S INJURIES AND DAMAGES

36. As a direct and proximate result of the defects in, and the failure of, the Mainstays™ Folding Step Stool, Plaintiff Kelly K. Nielsen, sustained injuries and damages including, but not limited to:

    (a)    severe injuries to his lower left leg and left knee;

    (b)    past pain, suffering, and anguish, both in mind and in body;

    (c)    future pain, suffering, and anguish, both in mind and in body;

    (d)    past medical expenses;

    (e)    future medical expenses;

    (f)    loss of enjoyment of life;

    (g)    permanent disfigurement;

    (h)    physical impairment;

    (i)    loss of past and future earnings; and,

    (j)    loss of future earing capacity.

## CAUSES OF ACTION

## COUNT I

### STRICT PRODUCT LIABILITY

**Colorado Product Liability Act, C.R.S. §13-21-401,** *et seq.*

37. Plaintiff incorporates by reference the facts and allegations set forth in the paragraphs above of this Complaint.

38. Defendants are subject to the provisions of the Colorado Product Liability Act, C.R.S. §13-21-401, *et. seq.* for products that it manufactured, and which where were sold or distributed to citizens of the state of Colorado.

39. The Mainstays™ Folding Step Stool purchased by Plaintiff Kelly K. Nielsen is a "product", as that word is used in the Colorado Product Liability Act.

40. Defendants were the manufacturer of the Mainstays™ Folding Step Stool purchased by Plaintiff, as the word "manufacturer" is defined by the Colorado Product Liability Act, C.R.S. §13-21-401 (1).

41. Defendants were the seller of the Mainstays™ Folding Step Stool purchased by Plaintiff, as the word "seller" is defined by the Colorado Product Liability Act, C.R.S. §13-21-401(3).

42. Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to manufacture and sell a product that was reasonably safe in construction, which did not materially deviate from applicable design specifications, or otherwise deviate in some material way from otherwise identical units in Defendants' product line.

9

43. Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to design, manufacture, assemble, test, label, distribute, and sell a product that was not unreasonably dangerous.

44. Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to design, manufacture, assemble, test, label, distribute, and sell a product that conformed to its implied warranties, including, but not limited to, the implied warranty that Defendants' products were reasonably safe for use by consumers.

45. Defendants had a duty to design, manufacture, import, place into the stream of commerce, distribute, market, and sell the Mainstays™ Folding Step Stool so that it was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed, and sold.

46. The Mainstays™ Folding Step Stool purchased from Defendants and used by Plaintiff was in a defective condition and unreasonably dangerous to the user or consumer at the time the Mainstays™ Folding Step Stool left the possession of Defendants, and at the time the device entered the stream of commerce, because of, but not limited to, the followings:

    a) the Mainstays™ Folding Step Stool was not reasonably safe as intended to be used;

    b) the Mainstays™ Folding Step Stool contained manufacturing defects, including that the plastic used to make the product was not capable of supporting less than 300 lbs., without shattering;

    c) the design of the Mainstays™ Folding Step Stool presented risks which exceeded the utility of the product;

    d)    the Mainstays™ Folding Step Stool was dangerous to an extent beyond which would be contemplated by the ordinary consumer, and did not meet consumer expectations;

    e)    the Mainstays™ Folding Step Stool did not comply with applicable industry standards, including, but not limited to, ANSI ASC A14.11-2018;

    f)    the materials used for the Mainstays™ Folding Step Stool did not comply with applicable ASTM Standards;

    g)    a reasonably prudent manufacturer, distributor, or seller, given knowledge of the Mainstays™ Folding Step Stool's condition, would not have marketed, distributed or sold the device;

    h)    the Mainstays™ Folding Step Stool was not appropriately or adequately tested before its distribution or sale;

    i)    the Mainstays™ Folding Step Stool marketing, instructions, and packaging, misrepresented its safety characteristics in that it was not safe for use with a load of 300 lbs. or less.

47. The Mainstays™ Folding Step Stool purchased by Plaintiff was expected, and did, reach the consumer without substantial change in the condition in which it was sold.

48. The defects in the Mainstays™ Folding Step Stool purchased by Plaintiff caused the injuries to Plaintiff as set forth in this Complaint.

49. Pursuant to the provisions of the Colorado Product Liability Act, C.R.S. §13-21-401, et. seq., Defendants are deemed to be the "manufacturer" of products that it or they designed,

distributed, branded, or sold, and that were used by citizens of the state of Colorado in the state of Colorado, and are thereby liable to Plaintiff for the claims asserted in this count of this Complaint.

50. Plaintiff suffered injuries and damages, as set forth in this Complaint.

## COUNT II

## NEGLIGENCE

51. Plaintiff incorporates by reference the facts and allegations set forth in the paragraphs above of this Complaint.

52. The conduct, actions, and failure to act, of Defendants, as set forth above were negligent.

53. In addition to the above negligence, the conduct, actions, and failure to act, of Defendants, were negligent in that:

    a) the Mainstays™ Folding Step Stool as manufactured had defects that were not discovered before the product left the control of Defendants, which manufacturing defects allowed the stool to shatter when being loaded with 300 lbs. or less;

    b) the Mainstays™ Folding Step Stool was not adequately tested in design to ensure that it would perform as intended;

    c) the Mainstays™ Folding Step Stool as manufactured was not adequately tested to ensure that it would perform as represented, and safely support 300 lbs. or less without shattering and failing;

    d) the materials used to manufacture the Mainstays™ Folding Step Stool did not comply with applicable ASTM Standards;

  e) the Mainstays™ Folding Step Stool did not comply with applicable ANSI Standards;

  f) the Mainstays™ Folding Step Stool did not comply with applicable industry standards; and,

  g) the marketing materials, instructions, and packaging misrepresented that the Mainstays™ Folding Step Stool was safe for holding up to 300 lbs.

54. The conduct, actions, and failure to act of Defendants, were negligent in that they failed to do adequate, if any, quality assurance inspection, sampling, or testing prior to accepting delivery of the Mainstays™ Folding Step Stool products delivered to them from whomever manufactured them in China.

55. In the exercise of reasonable care, Defendants knew or should have known that the Mainstays™ Folding Step Stool in general, and Plaintiff's Mainstays™ Folding Step Stool specifically, was negligently designed, negligently tested, negligently manufactured, failed to comply with applicable industry standards, contained false and misleading safety warnings and information, misrepresented its safety and characteristics, and otherwise was defective and likely to cause serious bodily injury to consumers when being used as reasonably expected.

56. Pursuant to of the provisions of the Colorado Product Liability Act, C.R.S. §13-21-401, et. seq., Defendants are deemed to be the "manufacturer" of products that it distributed, and that were used by citizens of the state of Colorado in the state of Colorado and are thereby liable to Plaintiff for the claims asserted in this count of this Complaint.

57. As a direct and proximate result of the negligence of Defendants, as set forth above, Plaintiff suffered the injuries and damages as set forth in this Complaint.

## COUNT III

## VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT

## C.R.S. §6-1-101, et seq.

58. Plaintiff incorporates by reference the facts and allegations as set forth in the paragraphs above of this Complaint.

59. The claims and statements made by Defendants regarding the performance and safety features of the Mainstays™ Folding Step Stool, as set forth above, were false.

60. The claims and statements made by Defendants regarding the performance and safety features of the Mainstays™ Folding Step Stool, as set forth above, were deceptive trade practices, as defined in C.R.S. §6-1-105, including, but not limited to C.R.S. §6-1-105 (e), (g), and (i).

61. Pursuant to the provisions of the Colorado Product Liability Act, C.R.S. §13-21-401, et. seq., Defendants are deemed to be the "manufacturer" of products that they distributed, and that were used by citizens of the state of Colorado in the state of Colorado and are thereby liable to Plaintiff for the claims asserted in this count of this Complaint.

62. As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff is entitled to all of the damages and remedies provided to Colorado consumers pursuant to C.R.S. §6-1-113, including but not limited to treble damages, and the costs of this action, together with reasonable attorney fees as determined by the Court.

## COUNT IV

### BREACH OF IMPLIED WARRANTY

63. Plaintiff incorporates by reference the facts and allegations as set forth in the paragraphs above of this Complaint.

64. Defendants impliedly warranted that the Mainstays™ Folding Step Stool was safe, merchantable, and free of defects that would cause injury when being used in a reasonable and expected way.

65. Plaintiff used the Mainstays™ Folding Step Stool for its intended purpose, and in a reasonably foreseeable manner.

66. Plaintiff's Mainstays™ Folding Step Stool did not conform with the implied warranty of merchantability in that it failed by shattering when being used as reasonably expected and intended, and being loaded with 300 lbs. or less.

67. As a direct and proximate result of the breach of the implied warranty of merchantability, as set forth herein, and as set forth above, Plaintiff suffered the injuries and damages set forth in this Complaint.

## COUNT V

### BREACH OF EXPRESS WARRANTY

68. Plaintiff incorporates by reference the facts and allegations as set forth in the paragraphs above of this Complaint.

69. Defendants expressly warranted that the Mainstays™ Folding Step Stool could hold up to 300 lbs.

70. Plaintiff's Mainstays™ Folding Step Stool did not conform with the express warranty in that it shattered and failed when not being used to hold 300 lbs. or more.

71. As a direct and proximate result of the breach of the express warranty of merchantability, as set forth herein, and as set forth above, Plaintiff suffered the injuries and damages set forth in this Complaint.

## DAMAGES FOR ALL CAUSES OF ACTION

72. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and for his damages for each cause of action further alleges as follows:

73. As a direct and proximate result of the failure of Defendants' Mainstays™ Folding Step Stool, and the conduct, actions, inactions, omissions, and negligence of Defendants, Plaintiff Kelly K. Nielsen sustained injuries and damages, which total in excess of $75,000, exclusive of interest and costs, including, but not limited to:

    a) serious and permanent physical injuries;

    b) past and future pain, suffering, and anguish, both in mind and in body;

    c) physical disability, past and future;

    d) physical impairment;

    e) disfigurement;

    f) loss of enjoyment of life;

    g) past medical bills;

    h) future medical bills;

    i)      loss of past and future wages and income;

    j)      loss of earning capacity;

    k)     such other damages as may be allowed by Colorado law, and supported by the evidence; and,

    l)      attorneys' fees and the costs and expenses of litigation as may be permitted by Colorado law and the rules of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kelly K. Nielsen, demands judgment against Defendants Walmart Inc. and Walmart Apollo, LLC, in an amount of compensatory damages to be determined by a jury, in excess of $75,000, exclusive of interest and costs, plus prejudgment interest, post-judgment interest, and taxable cost, and any and all other damages and relief available under Colorado law to fully compensate him for his injuries and damages.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted this 9th day of January 2023.

/s/ *George E. McLaughlin*
George E. McLaughlin, Colorado Bar # 16364
McLaughlin Law Firm, P.C.
1890 Gaylord Street
Denver, CO 80206-1211
720-420-9800
GEM@McLLF.com

and

/s/ *Brian Calandra*
Brian Calandra, Colorado Bar # 41687
Ramos Law
10190 Bannock St Suite 200
Northglenn, CO 80260
720-842-7626
Brian@ramoslaw.com